**FILED**
2014 Jul-14 PM 03:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| David Johnson,<br>    Plaintiff,<br><br>v.<br><br>Cajun Operating Company d/b/a<br>Church's Chicken,<br>    Defendant. | )<br>)<br>)<br>)  Civil Action No.:<br>)<br>)<br>)<br>) |

### COMPLAINT

COMES NOW the Plaintiff, David Johnson, by and through his counsel, the Alabama Disabilities Advocacy Program and its employee, attorney Lonnie J. Williams, and alleges as follows:

### I. NATURE OF THE ACTION

1.   This is an action under Title III of the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C § 12181-12189 and its implementing regulation, 28 C.F.R. part 36.

### II. JURISDICTION AND VENUE

2.   This Court has jurisdiction over this action under 42 U.S.C. § 12188(a), and 28 U.S.C. § 1331.

3.   This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, authority to grant equitable relief pursuant to 42 U.S.C. § 12188(a), and authority to award costs of suit and reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205.

4.   Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant operates a restaurant in this District and because the events or omissions giving rise to this action occurred in this District.

### III. PARTIES

5. Plaintiff is David Johnson, an adult resident and citizen of Birmingham, Alabama, which is in this District.

6. Defendant is Cajun Operating Company d/b/a Church's Chicken, a corporation which operates a restaurant at 7529 First Avenue North, Birmingham, Alabama 35206, which is in this District.

### IV. FACTS

7. Plaintiff has significant visual impairments and is an individual with a disability within the meaning of 42 U.S.C. § 12102 and 28 C.F.R. § 36.104.

8. Defendant is a corporation that owns, leases (or leases to), or operates a restaurant at 7529 First Avenue North, Birmingham, Alabama 35206 and is a public accommodation within the meaning of 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104.

9. On October 13, 2012, Plaintiff visited Defendant's restaurant, Church's Chicken, at 7529 First Avenue North, Birmingham, Alabama 35206.

10. During this visit, Plaintiff attempted to use smart phone application accessible technology to magnify and read the menu posted in Defendant's restaurant to enable him order and purchase a meal on a full and equal basis. Plaintiff's disabilities required he use this assistive technology to enable him to order and purchase a meal at Defendant's restaurant on a full and equal basis.

11. Upon observing Plaintiff, Defendant's employees told Plaintiff to stop using his assistive technology in Defendant's restaurant. Plaintiff then provided Defendant's employees with further information about his disability, his needs, his actions, and the assistive technology. Despite this information, Defendant's employees refused to allow Plaintiff to use his assistive

technology in Defendant's restaurant and did not offer Plaintiff any alternatives or assistance for ordering or purchasing a meal.

12. Instead, Defendant's employees told Plaintiff to leave Defendant's restaurant immediately or they would call the local police. Plaintiff opted to wait for the local police to arrive so that he could talk to them about the situation. Defendant's employees called local police to Defendant's restaurant.

13. Local police came to Defendant's restaurant and, at the direction of Defendant's employees, ejected Plaintiff from Defendant's restaurant and forbade him from ever returning to Defendant's restaurant.

## V. CLAIM

14. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-13.

15. Defendants, through their conduct alleged herein, discriminated against Plaintiff on the basis of his disability in the full and equal enjoyment of Defendants' services, facilities, privileges, advantages, and accommodations, in violation of Title III of the ADA, 42 U.S.C. §§ 12181-12189, and its implementing regulation, 28 C.F.R. Part 36.

## VI. PRAYER

WHEREFORE, Plaintiff prays that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that the conduct of Defendant violated Title III of the ADA, 42 U.S.C. §§12181-12189, and its implementing regulation, 28 C.F.R. Part 36;

B. Enjoin Defendant, their officers, agents, and employees, and all other persons in active concert or participation with Defendant, from discriminating on the basis of disability

against Plaintiff, other individuals with disabilities, and other individuals related to or associated with an individual with a disability in violation of Title III of the ADA, 42 U.S.C. §§12181-12189, and its implementing regulation, 28 C.F.R. Part 36;

C. Order Defendant, its officers, agents, and employees, and all other persons in active concert or participation with Defendant to adopt and implement a policy of nondiscrimination against persons with disabilities, and to make reasonable modifications to policies, practices, and procedures to ensure that goods, services, facilities, privileges, advantages, and accommodations are afforded to individuals with disabilities where such modifications do not result in a fundamental alteration;

D. Order Defendant to design and implement appropriate staff training programs to ensure that all personnel affiliated with Defendant who have contact with members of the public (whether employees or independent contractors) are knowledgeable about the policies related to the provision of goods and services to persons with disabilities.

E. Award Plaintiff his costs of suit and reasonable attorneys' fees and costs.

F. Order such other appropriate relief as the interests of justice may require.

Respectfully submitted,

s/Lonnie J. Williams
**ATTORNEY FOR PLAINTIFF**
Lonnie J. Williams
(WIL319)(ASB-2866-I35W)
Alabama Disabilities Advocacy Program
Box 870395
Tuscaloosa, Alabama 35487-0395
Phone: (205)348-4928
Fax: (205)348-3909
lwilliams@adap.ua.edu